UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60359-CIV-COHN

FREDERICK G. STAUP,

Magistrate Judge Seltzer

    Plaintiff,

vs.



WACHOVIA BANK, N.A., a North
Carolina Corporation,

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS COMPLAINT**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss the Complaint [DE 10-1]. The Court has carefully considered the Motion, Plaintiff's Response [DE 20, 23], Defendant's Reply [DE 21], and the record, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Frederick G. Staup, ("Plaintiff") filed a six-count Complaint against Wachovia Bank ("Defendant") for the role of its predecessor, First Union National Bank, as trustee of his mother's terminated trust. Generally, Plaintiff raises claims against Defendant for the execution of a trust he deems void based upon the conclusion that his mother's marriage to his father was invalid. Additionally, Plaintiff alleges Defendant has committed fraud by representing that Plaintiff's mother (Mary Staup) died with no children. Accordingly, Plaintiff alleges, inter alia, that Defendant improperly evicted him from his deceased mother's property in 1998.

Defendant moves for dismissal based upon lack of subject matter jurisdiction,

failure to state a claim for which relief can be granted, res judicata[1], and failure to bring a lawsuit within the time allowed under the applicable statute of limitations. Additionally, Defendant asks the Court to impose restrictions on Plaintiff from filing future litigation given his pattern of continued vexatious litigation.

By way of background, Plaintiff filed more than thirty state court actions dating as far back as 1996 with the same operative facts in Circuit Court in and for Sarasota County Florida. That court found it necessary to order a permanent injunction restricting Plaintiff from filing civil actions relating to cases involving the Mary Staup Estate in the state of Florida. Additionally, Plaintiff has filed at least eight federal court lawsuits on similar operative facts in the Middle District of Florida. Each of these lawsuits was dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.

### III. DISCUSSION

### A. MOTION TO DISMISS STANDARD

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations that are "enough to raise a

---

[1] The Court need not address the res judicata in the Motion in depth as the Complaint will be dismissed on other grounds, but these arguments present yet another basis upon which this Complaint could be dismissed.

right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Postal Fraud

Defendants move for dismissal of Counts I, II, III and V for alleged 18 U.S.C. §1341 ("postal fraud") violations because this criminal statute provides no civil cause of action. Plaintiff responds that he has not failed to plead postal service fraud pursuant to Fed. R. Civ. P. 9(b), by clarifying that the relief demanded in Counts I, II, III, and V is not monetary, but rather for the matter to be turned over to the U.S. Attorney's Office. (Plaintiff's Response [DE 20], p. 11.) Additionally, Plaintiff responds that "any other relief is up to the Judge." Id.

Plaintiff states no legally cognizable cause of action here because the statute to which he cites does not provide for a civil cause of action. Additionally, the Court declines the invitation to turn the matter over to the U.S. Attorney's Office for prosecution or exercise its discretion in granting "other relief" to Plaintiff. Defendant's Motion to Dismiss as to Count I, II, III, and V of the Complaint will be granted.

### C. Subject Matter Jurisdiction and the Rooker-Feldman Doctrine

Next, Defendant argues the Rooker-Feldman doctrine bars the Court from having jurisdiction over Counts I and II, as a state court previously rendered judgments for the claims raised in these two counts. Plaintiff responds by concluding that the underlying state court judgment is void, resulting in the Rooker-Feldman doctrine being inapplicable. Plaintiff goes on to acknowledge that although the claims in Counts I and II have previously been litigated, he has never plead the postal service fraud count. (Plaintiff's Response [DE 20], p. 7.)

The Rooker-Feldman doctrine provides that no federal courts, other than the United States Supreme Court, have the authority to review final judgments of state courts. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). This doctrine encompasses claims that are "inextricably intertwined" with a state court judgment. Id. The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments" Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005).

Essentially, Plaintiff is asking the Court to invalidate the state court actions by ruling that the state court judgment is void. Additionally, the postal fraud claim has been dismissed, making this action identical to the previous state court claim. Accordingly, this Court lacks subject matter jurisdiction, as Plaintiff seeks a de facto appeal of a previously litigated state court matter. Defendant's Motion to Dismiss as to Count I and II of the Complaint will be granted.

## D. Limitation Period to Bring an Action

Defendant next argues that Counts I, II, IV, and V are barred by the applicable statute of limitations by noting Plaintiff should have been able to make the allegations in the Complaint by June of 1998, the time of the Termination Order. Plaintiff responds that the statute of limitations does not apply because of the doctrine of continued wrongful acts and cites Blue Dolphin, Inc. v. U.S. as the applicable case law.[2] See 666 F. Supp. 1538 (S.D. Fla. 1987). Plaintiff explains that although issues arise as early as his parents "illegal marriage", Defendant, as corporate trustee, has done damage to Plaintiff as late as the year 2000. (Plaintiff's Response [DE 20], p. 14.)

The doctrine of continued wrongful acts holds that continued wrongful acts are not triggered by subsequent damage, but only by repeated wrongs. Blue Dolphin, 666 F. Supp. at 1541. Additionally, the statute of limitations clock starts to run when the final wrong occurs. Id. Given this time-frame set forth in Blue Dolphin, and assuming Mr. Staup's allegations are true, the date of the last wrongful act in the chain occurred in 2000. (Plaintiff Response [DE 20], p. 14.) Therefore, the date of the final alleged wrongful act committed by Defendant occurred approximately eight years prior to Plaintiff filing the present lawsuit. This represents a time-period roughly double the four-year limitation allowed for any of the claims set forth by Plaintiff.[3]

Accordingly, the Court concludes that even when using the latest date set forth by

---

[2]The Court assumes, arguendo, the doctrine of continued wrongful acts applies.

[3]Plaintiffs' allegations include fraud, a claim for accounting, and a violation of 18 U.S.C. §1341. Both fraud and the action for accounting have a four year statute of limitations. The claim for a violation of 18 U.S.C. §1341 was dismissed for lack of a civil remedy.

5

Plaintiff to determine the time when the statue of limitations began running, several Counts were brought well after the statute of limitations expired. Defendant's Motion to Dismiss Counts I, II, IV, and V of the Complaint as time barred will be granted.

### E. Fraud

Defendant next argues that Count VI of the Complaint should be dismissed because it does not meet the particularity requirements of Fed. R. Civ. P. 9(b). for a fraud claim. Specifically, Defendant alleges at least four out of the five elements for a fraud claim are not satisfied. Plaintiff responds that Defendant committed a fraud upon the court by receiving an extension of time because "[s]omebody lied to someone to get that extension of time signed by the Judge." (Plaintiff's Response [DE 20], p. 13.) These allegations stem from a lawsuit, with a similar set of facts, which Plaintiff voluntarily dismissed in 2007.

The essential elements of a cause of action for fraud under Florida law are: (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury. Pitts Sales, Inc. v. King World Prod, Inc., 383 F. Supp. 2d 1354, 1362-63 S.D. Fla. 2005). Mr. Staup's extremely vague, abstract, conclusory allegations of fraud, relating to litigation documents, do not satisfy the first four elements of a fraud cause of action.

Accordingly, Plaintiff fails to state a cause of action for fraud with the requisite coherence and particularity required by the Federal Rules of Civil Procedure. Fed. R.

Civ. P. 9(b). Defendant's Motion to Dismiss as to Count VI of the Complaint will be granted.

### F. Action for Accounting

Defendant next argues that Count IV should be dismissed because Plaintiff has not alleged the necessary elements to state a claim for accounting. Plaintiff seeks an accounting based upon having "no remedy at law, because once again, the bank will block pre-trial discovery in this action." (Plaintiff Response [DE 20], p. 11.) Additionally, Plaintiff's Response raises numerous new allegations that were not included in the original Complaint.

A party seeking an equitable accounting must show the existence of a fiduciary relationship or a complex transaction and must demonstrate the inadequacy of the legal remedy. Kee v. National Reserve Life Ins. Co., 918 F.2d 1538, 1540 (11th Cir. 1990). Plaintiffs' conclusory allegations in the Complaint do not show any of these necessary elements for the Court to grant an accounting. Even if the Court were to look at Plaintiff's numerous new allegations, improperly plead in his Response, the factors necessary to grant an accounting would still not be met. Accordingly, Defendant's Motion to Dismiss Count IV of the Complaint for failure to state a valid claim for accounting is granted.

### G. Vexatious Litigation

The Court has considered the documents provided by the parties, and it appears that this case is part of a larger pattern. Plaintiff has filed eight cases in the Middle District or Florida, and many more cases based on the same operative facts in the

Circuit Court of Sarasota County Florida. In fact, Plaintiff filed so many cases in Sarasota County Circuit Court, that the state court found it necessary to grant an injunction restricting Plaintiff's access to that court for abuse of the legal process. The Court notes that other cases in the Middle District of Florida based on the operative facts of the current Complaint have been dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. However, because this is only the second such action filed before this court, the first having been dismissed without prejudice, the Court concludes that sanctions are not warranted at this time. Nonetheless, the Court wishes to convey, in the strongest possible terms, to Mr. Staup that this dismissal with prejudice means he may not file this case again, and sanctions may result from any future vexatious and frivolous filings.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [DE 10] is **GRANTED.**

2. Any pending Motions are **DENIED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of June, 2008.

JAMES I. COHN
United States District Court

Copies furnished to:

Frederick G. Staup.

James R. George, Esq./Mark D. Kushner, Esq.